# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-111

STATE OF LOUISIANA

VERSUS

MATTHEW CURTIS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NUMBER 9142-02
HONORABLE MICHAEL CANADAY, DISTRICT JUDGE

**********

## BILLIE COLOMBARO WOODARD
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billie Colombaro Woodard, and Marc T. Amy, Judges.

**AFFIRMED.**

**Thibodeaux, C.J., dissents and assigns written reasons.**

Sharon Wilson, Assistant District Attorney
Carla S. Sigler, Assistant District Attorney
Rick Bryant, District Attorney
Fourteenth Judicial District
Post Office Box 3206
Lake Charles, Louisiana 70602
(337) 437-3400
COUNSEL FOR STATE/APPELLEE:
    State of Louisiana

Pamela S. Moran
Louisiana Appellate Project
Post Office Box 840030
New Orleans, Louisiana 70184
(504) 286-8697
COUNSEL FOR DEFENDANT/APPELLANT:
    Matthew Curtis

WOODARD, Judge.

The Defendant appeals the trial court's imposition of sentence under La.Code Crim.P. art. 893.3, the firearm enhancement article. We affirm.

* * * * *

On January 27, 2002, Mr. Matthew Curtis, together with two co-defendants, attempted to sell crack cocaine to the victim, Mr. Lee Freeman. When Mr. Curtis entered Mr. Freeman's vehicle to complete the sale, they struggled and Mr. Curtis shot and killed Mr. Freeman.

On March 21, 2002, the State charged Mr. Curtis with second degree murder, which carries a penalty of "life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence."[1] On May 20, 2002, he pled not guilty and requested a jury trial. On June 24, 2003, a jury was empaneled. The next day, outside of the jury's presence, the court heard Mr. Curtis' pretrial motions and ruled that certain statements he made to the police would be admissible at the trial. Subsequently, counsel informed the court that the parties had reached a plea agreement to the lesser offense of manslaughter. Thus, the State amended the bill of information to reduce the charge to manslaughter, carrying a penalty of up to forty years of imprisonment.[2]

No specific sentencing recommendation resulted from the plea bargain. However, the State advised the court that it was seeking sentencing under the firearm enhancement provision, La.Code Crim.P. art. 893.3, and requested a hearing on the issue. Defense counsel acknowledged that the State had advised him of its intent to invoke the provision, and he also requested a pre-sentence investigation report before sentencing. At that time, defense counsel gave the court a waiver of constitutional rights form and the plea of guilty form, which the Defendant had signed. The court reviewed the forms, questioned Mr. Curtis regarding his guilty plea and waiver of constitutional rights, and accepted the plea

_____

[1]La.R.S. 14:30.1(B).

[2]La.R.S. 14:31(B).

1

as knowingly and voluntarily given.  The court scheduled the sentencing hearing for September 26, 2003.

On the morning of the sentencing hearing, the State filed its written notice to invoke the sentencing provisions of Article 893.  Defense counsel orally objected to its invocation, alleging that the State did not comply with the Article's notice requirement.  The trial court overruled the objection. After the sentencing hearing, the court sentenced Mr. Curtis to the minimum sentence under Article 893.3, which is twenty years imprisonment without benefit of parole, probation, or suspension of sentence.  The trial court denied Mr. Curtis' motion to reconsider his sentence.

Mr. Curtis appeals, alleging in his sole assignment of error that the trial court erroneously sentenced him according to the firearm enhancement provision, notwithstanding the State's failure to follow the provision's procedural notice requirement.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record.  After reviewing the record, we find none.

## ABILITY TO REVIEW SENTENCE

We find no merit to the State's contention that La.Code Crim.P. art. 881.2(A)(2) precludes our review of Mr. Curtis' sentence.  Article 881.2(A)(2) provides that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."  In *State v. Pickens*,[3] this court held that we are not automatically precluded from reviewing a sentence unless the plea agreement provides a specific sentence or sentencing cap.  The plea agreement in this case did not result in any specific sentencing recommendation.

The State also argues that La.Code Crim.P. art. 881.1(E) precludes Mr. Curtis from seeking review because he did not reference the firearm enhancement article in his motion to reconsider sentence.  Article 881.1(E) provides:

---

[3]98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232.

2

Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Nonetheless, the trial court determined the sufficiency of the State's written notice under La.Code Crim.P. art. 893.1 before it imposed sentence, and defense counsel timely objected to the court's ruling. Thus, we find the Defendant's timely objection sufficient to preserve his right of review on this issue.

**NOTICE UNDER LA.CODE CRIM.P. ART. 893**

The trial court sentenced Mr. Curtis under the firearm enhancement statute, La.Code Crim.P. art. 893.3, which provides in pertinent part:

(E)(1)(a) Notwithstanding any other provision of law to the contrary, if the defendant commits a felony with a firearm as provided for in this Article, and the crime is considered a violent felony as defined in this Paragraph, the court shall impose a minimum term of imprisonment of ten years. *In addition, if the firearm is discharged during the commission of such a violent felony, the court shall impose a minimum term of imprisonment of twenty years.*

(b) A "violent felony" for the purpose of this Paragraph is: aggravated sexual battery, aggravated burglary, carjacking, armed robbery, second degree kidnapping, *manslaughter*, or forcible rape.

(2) *A sentence imposed under this Paragraph shall be without benefit of parole, probation or suspension of sentence.*

(Emphasis added.)

Additionally, La.Code Crim.P. art. 893.1 provides:

A. If the district attorney intends to move for imposition of sentence under the provisions of Article 893.3, he shall file a motion *within a reasonable period of time prior to commencement of trial* of the felony or specifically enumerated misdemeanor in which the firearm was used.

B. The motion shall contain a plain, concise, and definite written statement of the essential facts constituting the basis for the motion and shall specify the provisions of this Chapter under which the district attorney intends to proceed.

3

(Emphasis added.)

Louisiana Code of Criminal Procedure Article 893.1 was enacted in 1981. However, it was not a notice provision; rather, it more closely reflected the substance of current Article 893.3, prescribing the mandatory minimum sentences for offenses in which a firearm was used and mandating that those sentences be without benefit of parole, probation, or suspension.[4] At that time, the Code contained no notice provisions for invoking Article 893.1. On December 2, 1985, the Louisiana Supreme Court handed down decisions in a series of cases concerning whether a court could sentence a defendant under Article 893.1 without giving him prior notice of its intent to do so.[5] In those cases, the court noted that some lower courts had construed the language "shall impose" within Article 893.1 to mean that it was mandated to sentence the defendant accordingly, even when the State never requested it.[6] Thus, the first notice a defendant had of Article 893.1's application was at his sentencing hearing. The supreme court held:

> An accused is entitled to know in advance of trial by receipt of a written notice from the prosecutor that the state intends to invoke art. 893.1 by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony. Absent such pre-trial notice, the penalty enhancement provision contained in art. 893.1 shall not be applied.[7]

While the court provided that its ruling would have prospective application only, the following year, it overruled this portion of its holding, finding that the

---

[4]*See* La.Code Crim.P. art. 893.1 (Acts 1981, No. 139, § 1) (amended by Acts 1988, No. 319, § 1; Acts 1999, No. 575, § 1).

[5]*See State v. Jackson,* 480 So.2d 263 (La.1985); *State v. Harris*, 480 So.2d 281 (La.1985); *State v. Hogan*, 480 So.2d 288 (La.1985); *State v Barberousse*, 480 So.2d 273 (La.1985); *State v. Kennedy*, 480 So.2d 299 (La.1985); *State v. Blache*, 480 So.2d 304 (La.1985); *State v. Street*, 480 So.2d 309 (La.1985); *State v. Delcambre*, 480 So.2d 294 (La.1985).

[6]*See Jackson*, 480 So.2d 263.

[7]*Id.* at 271 (citations omitted).

rule should be given limited retroactive application.[8]  Its holding was prompted by the following concerns:

> When the applicability of a sentencing enhancement statute (Article 893.1 in this case) depends upon a finding, based on evidence presented at trial, that a firearm was used in the commission of a crime and the defendant's sentence may be substantially increased as a result of the application of the statute, the due process clauses of the federal and state constitutions mandate that the defendant be notified, in advance of the trial at which evidence of this factual issue is to be presented, of the importance of rebutting such evidence (use of a firearm), even though the evidence is not necessary to prove an essential element of the charged crime.  The serious consequences of the finding based on this evidence (even if the judge makes the finding in post-trial proceedings) trigger the requirements of notice at a meaningful time and of an opportunity to be heard on the issue.[9]

In 1988, the legislature amended La.Code Crim.P. art. 893.1 and added Articles 893.2 and 893.3.  Article 893.1 codified the supreme court's holding, requiring notice.  Article 893.2 provides, *inter alia*, that the court may hold a contradictory hearing concerning whether a defendant used or discharged a firearm, also a direct response to the Court's concerns, as expressed above. Finally, Article 893.3 reflected the substance of the 1981 version of Article 893.1, prescribing the minimum sentences for offenses in which the defendant used or discharged a firearm.  The current version of Article 893.3 prescribes harsher sentences and contains minimum sentences that are specific to certain offenses, whereas the 1981 version of Article 893.1 was much more general in nature. However, both are characterized as sentencing statutes, "which merely limit[] sentencing discretion under certain circumstances."[10]

In reviewing the supreme court's decisions, from which Articles 893.1, 892.2 and 893.3 clearly originated, we find no case in which lack of *written* notice was the only deficiency.  In those cases, the defendant had no prior *written or actual* notice.  Nor have we found any subsequent cases in which the defendant

---

[8]*State v. Allen*, 496 So.2d 301 (La.1986).

[9]*Id.* at 304.

[10]*Id.* at 303.

had actual notice. Thus, the effects of the State's failure to timely file written notice, even though it gave the Defendant actual notice in a timely manner, is a *res nova* issue. For the following reasons, we agree that the State timely notified the Defendant in the instant case.

We acknowledge that the State did not file its written motion until the morning of the sentencing hearing, which, considered alone, is not "within a reasonable period of time prior to commencement of trial."[11] Nonetheless, we must recognize that there was no trial on the manslaughter charge in the case at bar. Rather, a jury was selected for Mr. Curtis' trial on the charge of second degree murder, which carries a sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. Thus, the State had no reason to invoke the firearm enhancement provision before trial because it was inapplicable to that charge.

Article 893 became applicable, only, at the time that the State amended the charge to manslaughter. Immediately after the State moved to amend the charge to manslaughter, informing the court that it understood that Mr. Curtis would plead guilty to that charge, the court asked if there was a sentencing recommendation. The State's counsel replied:

> There is no recommendation, Your Honor. And I - - as I've discussed with Mr. Bouquet [defense counsel], the State is seeking the firearm enhancement to the crime under Code of Criminal Procedure Article 893.3.
>
> . . . .
>
> And we would ask for a hearing on that so that we can put forth the evidence to the Court as to what we - - what the enhancement should be.
>
> . . . .
>
> Mr. Bouquet:    That's correct, Your Honor. She did advise me of that.

---

[11]La.Code Crim.P. art. 893.1(A).

6

Accordingly, it is clear that the Defendant had actual notice of the State's intent to invoke the firearm enhancement provision at the earliest opportunity. Subsequently, the court questioned Mr. Curtis regarding his guilty plea, which included the following colloquy:

> The Court: They have indicated that there is no recommendation, but I do need you to be aware of the potential penalties involved in this. Whoever commits manslaughter shall be imprisoned for not more than 40 years. Do you understand that?
>
> The Witness: Yes, sir.
>
> The Court: And do you understand there's been reference to Code of Criminal Procedure Article 893.3, which is an enhancement article that has to do with a penalty when a firearm is used?
>
> The Witness: Yes, sir.
>
> The Court: You've been told about that?
>
> The Witness: Yes, sir.
>
> The Court: And you accept those possible consequences of both the manslaughter articles and possibly the 893.3 articles?
>
> The Witness: Yes, sir.

Thus, defense counsel and the Defendant acknowledged in open court that they had been advised of the State's intent to invoke the firearm enhancement articles. Furthermore, at that time, the State requested a hearing on the issue in open court. The court scheduled sentencing for September 26, 2003, giving defense counsel three months to prepare for the sentencing hearing, knowing that enhancement would be an issue. The day of the sentencing hearing, the State filed its written notice to invoke the firearm enhancement provision.

Defense counsel objected but presented no evidence or witnesses in response to the State's witness, Detective Sergeant Kevin Kirkum, on the firearm issue. The trial court overruled the objection and proceeded to find that there was clear and

7

convincing evidence that Mr. Curtis had committed a felony in which a firearm was discharged. On the issue of notice, the court stated:

> The Court at this time references the transcript of the sentencing - - I mean of the guilty plea, received June 23rd, 2003. It was at that time I believe the defendants were clearly placed on notice that the State intended to invoke Article 893.1 if in fact a Manslaughter plea was accepted by this Court, and which it was.
>
> . . . .
>
> The time that 893.1 first became relevant, which would be at the time of the reduced or amended charge for which Mr. Curtis pled, the defendant became cognizant of that possibility and of that intent.
>
> And therefore the mere offering of the written statement of the essential facts which have been for the most part given to this Court at the time of sentencing by the defendant's own admission, there is no surprise, there is no inability to state that this was not something that was anticipated.
>
> And therefore, the objection as to the timeliness is going to be denied as indicated.

We agree. Written notice under La.Code Crim.P. art. 893.1 serves as proof that the State has timely notified a defendant of its intent to invoke the article and ensures that the State informs a defendant of the essential facts that constitute the basis for the article's invocation. In the instant case, the State notified the Defendant at the earliest possible opportunity that it intended to invoke the enhancement provision and requested a hearing, both in open court, and with the Defendant's acknowledgment. Thus, the record provides proof that the State timely notified Defendant of its intent. Additionally, during Mr. Curtis' guilty plea, he admitted "that the fatal shot that killed Mr. Freeman came from the gun [he] had." Accordingly, Mr. Curtis had already admitted the "essential facts constituting the basis" for Article 893.3's application. Accordingly, the record provides proof that the purposes of Article 893.1's written notice requirement were met through actual notice to the Defendant at the earliest opportunity. Thus, given the particular facts and circumstances in this case, the Defendant did, in fact, receive timely notice.

**CONCLUSION**

We find no error in the trial court's ruling that the State timely provided written notice under La.Code Crim.P. art. 893.1, given that it was following up on the  proven actual notice it had already provided to the Defendant. Accordingly, we affirm Mr. Curtis' conviction and sentence.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

MATTHEW CURTIS


THIBODEAUX, C.J., dissenting.


The majority undertakes with much effort a review of the historical background of La.Code Crim.P. arts. 839.1-893.3. In doing so, it ignores the plain wording of La.Code Crim.P. art. 893.1 and engages in judicial imperialism by rewriting that codal article.

The Defendant pled guilty to one count of manslaughter. At his plea, the State expressed an intent to enhance his sentence under the provisions of Article 893.3 of the Code of Criminal Procedure. The Defendant used and discharged a firearm in the commission of the offense. The State waited until the morning of the sentencing to provide the Defendant with a written motion. The trial court said this was appropriate because the Defendant had been apprised at the time of his plea that this may be done.

Article 893.1 of the Code of Criminal Procedure is mandatory. It says the district attorney "*shall* file a motion within a reasonable period of time prior to commencement of trial . . . ." This motion "shall contain a plain, concise, and definite written statement of the essential facts constituting the basis for the motion and shall specify the provisions of this chapter under which the district attorney intends to

proceed." La.Code Crim.P. art. 893.1(B). First, filing a motion on the morning of the sentencing hearing is not "a reasonable period of time prior to commencement of trial." Second, the trial court informed the Defendant at the time of the plea: "And you accept the *possible* consequences of both the manslaughter articles and *possibly* the 893.3 articles." (Emphasis supplied). That implies some additional step in the process, particularly since the assistant district attorney said "and we would ask for a hearing on that [893.3] so that we can put forth the evidence to the court as to what we . . . what the enhancement should be."

Article 5 of the Code of Criminal Procedure says "shall" is mandatory. An elementary principle of criminal law is that criminal statutes and codes ought to be interpreted with lenity in favor of the defendant. The majority turns this principle on its head and completely re-writes a clear and unambiguous codal directive.

I cannot think of a greater prejudice to the Defendant. If the State had not complied with 893.1, it would not have received the benefit of Articles 893.2 and 893.3 of the Code of Criminal Procedure. In other words, it would not have had the benefit of a contradictory hearing and would not have had an opportunity to prove its entitlement to enhancement of the Defendant's sentence. Additionally, under La.Code Crim.P. art. 893.3(E)(1)(a), a minimum sentence of twenty years could not be imposed if the State had not utilized the enhancement statutes. Rather, under 14:31, the manslaughter statute, the term of imprisonment would be up to forty years, but with benefit of probation, parole, or suspension of sentence. How do we know what the trial court would have done if it had not been obligated to impose a minimum mandatory enhancement sentence of twenty years? How could the Defendant have known what to do differently if the motion was filed on he morning of the sentencing? How could the Defendant know what to prepare for if the "essential facts constituting the basis for the motion" were not made known until the morning of the hearing?

2

How could the Defendant prepare and get witnesses if the "provisions of [the] Chapter under which the district attorney intends to proceed" are not made known until it is too late to know what to prepare for?

For the foregoing reasons, I dissent.