PER CURIAM.
 

 | T Granted. The decision of the court of appeal is reversed to the extent that it vacates the sentence of five years’ imprisonment at hard labor without benefit of suspension of sentence, probation, or parole imposed by the trial court pursuant to the firearms enhancement provisions of La.C.Cr.P. art. 893.3, on defendant’s conviction for the crime of negligent homicide, following his trial for the charged crime of manslaughter.
 

 The notice provisions of La.C.Cr.P. art. 893.1(B), that a motion to invoke the firearms enhancement penalties “shall contain a plain, concise, and definite written statement of the essential facts
 
 *19
 
 constituting the basis for the motion and shall specify the provisions of this Chapter under which the district attorney intends to proceed,” should not serve as technical traps for the state when it otherwise clearly signals its intent before trial to seek enhancement of defendant’s sentence under the provisions of La.C.Cr.P. art. 898.3, which specify mandatory 1 minimum terms within the sentencing range provided by the legislature for the underlying offense when the offender possesses, uses, or discharges a firearm during commission of the offense. In the present case, the state’s pre-trial notice clearly expressed its intent “to move for imposition of sentence under the provisions of La.C.Cr.P. art. 898.8 should the [ ] defendant! ] be convicted.” Because the state had charged defendant with a violent felony,
 
 ie.,
 
 manslaughter, in which it alleged “he actually discharged a firearm during the commission of the offense,” the motion specifically referred defendant to La.C.Cr.P. art. 893.3(E)(1)(a), which provides a mandatory minimum term of 20 years’ imprisonment without benefit of suspension of sentence, probation, or parole, for the discharge of a firearm during the commission of certain crimes, including manslaughter, as enumerated in La.C.Cr.P. art. 893.3(E)(1)(b).
 

 The jury’s return of the responsive verdict of negligent homicide considerably reduced defendant’s overall sentencing exposure from a maximum term of imprisonment of 40 years at hard labor to five years with or without hard labor. La.R.S. 14:31; 14:32. However, while the state’s notice under La.C.Cr.P. art. 893.1 did not expressly anticipate the return of a lesser and included responsive verdict, the motion, which signaled the state’s intent to invoke the firearms enhancement provisions of La.C.Cr.P. art. 893.3 “should defendant be convicted,” was broad enough to encompass not only the charged offense of manslaughter but also its responsive verdicts.
 
 See State v. Jackson,
 
 480 So.2d 263, 268 (La.1985)(“Notice permits, among other things, proper preparation to defend and specific knowledge about the penalty to which the defendant is exposed in the event he chooses to plead guilty.”). The system of responsive verdicts employed by the trial court in the present case, which gave jurors the | ^option to find expressly that defendant used or discharged a firearm during commission of the offense of negligent homicide, the verdict they actually returned, gave defendant full opportunity to contest at trial, if he could, the state’s allegation that he used and discharged a firearm in the commission of the homicide and thereby to preclude, if he could, a post-verdict finding of the trial court by clear and convincing evidence that he had used or discharged a firearm during commission of the offense and was therefore subject to the enhancement provisions of La.C.Cr.P. art. 893.3.
 

 In all other respects, the decision of the court of appeal is affirmed.