DREW, J.
12Roderick Scott was tried on two counts of second-degree murder. The jury returned responsive verdicts of manslaughter on each count. La. R.S. 14:31.
The trial court sentenced Scott to serve:
*729 • 25 years at hard labor on Count One, 20 years of which were ordered to be served without benefits;[1]
• 30 years at hard labor on Count Two, 15 years of which were ordered to be served without benefits; and
• concurrent sentences.
Scott now appeals, alleging that his sentences are excessive.[2] Finding error patent, we remand for resentencing.
FACTS
On the morning of August 12, 2012, in Mooringsport, the defendant got into a fight with Stuart Myers. During the fracas, the defendant shot Myers with a shotgun, then beat him to death with the butt of the gun. The defendant then turned and beat to death Leslie Moss, the mother of Stuart’s children. The killings were brutal, barbaric, and heinous.
The state called four witnesses at the sentencing hearing:
• Dia Myers, a cousin of Stuart Myers;
• Samantha McElroy, a friend of Leslie Moss;
• Kevin Myers, Stuart’s father; and
• Letha Wright, Leslie’s mother.
Dia Myers testified that:
• the defendant should get maximum and consecutive sentences; and
• Stuart and Leslie’s children have had nightmares and cried for their parents.
Samantha McElroy testified that:
• she has struggled to explain Leslie’s death to her children;
• this loss has affected Leslie’s mother greatly;
• she is taking a fighting class to protect herself; and
• no sentence could fix this situation, but she requested maximum sentences.
Kevin Myers testified that:
• he has been taking care of Stuart and Leslie’s children since the killings;
• he has suffered emotionally, financially, socially, and mentally; and
• he requested maximum consecutive sentences.
Letha Wright testified that:
• Leslie was the eldest of her five children;
• all of her children[3] have been affected by this tragedy;
• her older son is upset that he can’t call his sister anymore;
• her daughter had to celebrate her birthday by burying her sister; •
• another son has been getting into fights, is suicidal and depressed;
• she thinks about the killings every day;
• Leslie’s children are scared and have had questions about the funerals; and
• the trial court should sentence the defendant to a maximum sentence.
LERROR PATENT
Following the sentencing hearing, the state filed a motion to invoke the firearm sentencing provision, under La. C. Cr. P. art. 893.1. The contested motion was argued and then granted.
Under the instant facts, we find this to be error patent.
We understand that the state could argue that:
*730 • since the defendant was initially indicted for two crimes bearing life sentences, there would be no need for a pretrial request for sentencing enhancement for use of a firearm during the crimes;
• the need for a requested sentencing enhancement would be triggered only after the jury’s responsive verdicts for the crime of manslaughter; and
• State v. Curtis, 2004-111 (La.App. 3d Cir.8/4/04), 880 So.2d 112, writ denied, 2004-2277 (La.1/28/05), 893 So.2d 71, supports its late filing of the motion.
We find that Curtis, supra, is inapplicable here, as the defendant in that case pled guilty and, during the Boykin colloquy, he was told that he would be sentenced under La. C. Cr. P. art. 893.3.[4]
In Curtis, supra, the defendant was charged with second-degree murder, a crime that carries a penalty of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Curtis initially pled not guilty and requested a jury trial. He subsequently pled guilty pursuant to a plea agreement to the lesser charge of manslaughter. There was no specific sentencing recommendation, though the state advised the court that it was seeking sentencing under the firearm enhancement provision, La. C. Cr. P. art. 893.3. Defense counsel acknowledged that the |4state had advised him of its intent to invoke the provision and he requested a presentence investigation report before sentenciug.
At the Curtis sentencing, the state filed its written notice to invoke the enhanced firearm sentencing provisions of La. C. Cr. P. art. 893.1 and art. 893.3. Curtis objected, based upon the state’s temporal noncompliance with art. 893.1.
The Third Circuit held that:
• the state did not file its written motion until the morning of the sentencing hearing, which on its face is not a pretrial filing;
• there was no trial on the manslaughter charge, however, but rather a jury was selected on the charge of second degree murder;
• the state had no reason to invoke the firearm enhancement provision before trial because it was inapplicable to that charge; and
• the state notified the defendant in open court at the guilty plea of its decision to invoke the sentencing enhancement.
This confusing area of the law is controlled by two articles of the Louisiana Code of Criminal Procedure.[5]
IfiOur jurisprudence in this area reveals that the enhancement was upheld where the state gave notice prior to trial.
*731 In State v. Aaron, 2011-0307, p. 2 (La.6/24/11), 66 So.3d 18, 19, when the defendant was convicted of a responsive verdict, the court found that La. C. Cr. P. art. 893.3 was applicable where the state had filed a motion prior to trial because “while the state’s notice under La. C. Cr. P. art. 893.1 did not expressly anticipate the return of a lesser and included [ (¡responsive verdict, the motion, which signaled the state’s intent to invoke the firearms enhancement provisions of La. C. Cr. P. art. 893.3 ‘should the defendant be convicted,’ was broad enough to encompass not only the charged offense of manslaughter but also its responsive verdicts.”
See also State v. Jackson, 480 So.2d 263 (La.1985),[6] and State v. Sneed, 2012-0809 (La.App. 4th Cir.6/12/13), 119 So.3d 850.[7]
Here, the motion was not filed until the morning of the sentencing hearing. This is technically noncompliance with La. C. Cr. P. art. 893.1.
This issue is confusing. Though we cannot imagine a more horrific pair of crimes, we find that the principle of lenity must lead us to our conclusion that the sentences must be vacated and the cases remanded for resentencing without application of the firearm enhancement provisions.
DECREE
The defendant’s conviction is affirmed. The sentences are vacated, and this matter is remanded for sentencing in accordance with this opinion.

. He was also ordered to pay court costs on each charge.

. Besides excessiveness, Scott also contends the court failed to specifically order that he would receive credit on his sentences for time served. This is actually a nonissue, as all defendants automatically receive credit for periods of imprisonment spent awaiting trial, even on a silent record. See La. C. Cr. P. art. 880.

.This reference is to Leslie’s siblings.

. This article is entitled: "Sentence imposed on felony or specifically enumerated misdemeanor in which firearm was possessed, used, or discharged.”

. La. C. Cr. P. art. 893.1 provides:
A. If the district attorney intends to move for imposition of sentence under the provisions of Article 893.3, he shall file a motion within a reasonable period of time prior to commencement of trial of the felony or specifically enu•merated misdemeanor in which the firearm was used.
B. The motion shall contain a plain, concise, and definite written statement of the essential facts constituting the basis for the motion and shall specify the provisions of this Chapter under which the district attorney intends to proceed.
La. C. Cr. P. art. 893.3 provides, in part:
A. If the court finds by clear and convincing evidence that the offender actually possessed a firearm during the commission of the felony or' specifically enumerated misdemeanor for which he was convicted, the court shall impose a term of imprisonment of two years; however, if the maximum sentence for the underlying offense is less than two years, the court shall impose the maximum sentence.
*731 B. If the court finds by clear and convincing evidence that the offender actually used a firearm in the commission of the felony or specifically enumerated misdemeanor for which he was convicted, the court shall impose a term of imprisonment of five years; however, if the maximum sentence for the underlying offense is less than five years, the court shall impose the maximum sentence.
C. If the court finds by clear and convincing evidence that the offender actually discharged a firearm in the commission of the felony or specifically enumerated misdemeanor for which he was convicted, the court shall impose a term of imprisonment of ten years; however, if the maximum sentence for the underlying offense is less than ten years, the court shall impose the maximum sentence.
D. If the court finds by clear and convincing evidence that a firearm was actually used or discharged by the defendant during the commission of the felony for which he was convicted, and thereby caused bodily injury, the court shall impose a term of imprisonment of fifteen years; however, if the maximum sentence for the underlying felony is less than fifteen years, the court shall impose the maximum sentence.
E. (l)(a) Notwithstanding any other provision of law to the contrary, if the defendant commits a felony with a firearm as provided for in this Article, and the crime is considered a violent felony as defined in this Paragraph, the court shall impose a minimum term of imprisonment of ten years. In addition, if the firearm is discharged during the commission of such a violent felony, the court shall impose a minimum term of imprisonment of twenty years.
(b) A “violent felony” for the purposes of this Paragraph is; second degree sexual battery, aggravated burglary, carjacking, armed robbery, second degree kidnapping, manslaughter, or forcible rape.
(2) A sentence imposed under this Paragraph shall be without benefit of parole, probation or suspension of sentence.

. "Notice permits ... proper preparation to defend and specific knowledge about the penalty to which the defendant is exposed in the event he chooses to plead guilty.”

. The Fourth Circuit held that a motion for sentence enhancement for firearm use was untimely when filed immediately before voir dire, thus constituting a per se bar to the court’s application of firearms enhancement provisions.