# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**22-548**

**STATE OF LOUISIANA**

**VERSUS**

**ALPHONSO DAVIS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2021-0981
HONORABLE E. DAVID DESHOTELS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Edward K. Bauman**
**LA Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Alphonso Davis**

**Joe Green**
**District Attorney**
**John Richardson**
**Assistant District Attorney**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**KYZAR, Judge.**

Defendant appeals his sentence of four years at hard labor following his plea of no contest to the charge of aggravated assault with a firearm pursuant to a plea agreement wherein a companion charge was dismissed. For the reasons set forth herein, we affirm the conviction and sentence imposed by the trial court.

## FACTS AND PROCEDURAL HISTORY

Defendant, Alphonso Davis, was charged by bill of information with possession of a firearm while committing or attempting to commit a crime of violence, in violation of La.R.S. 14:95(E), and aggravated assault with a firearm, in violation of La.R.S. 14:37.4. On August 31, 2021, Defendant entered a plea of not guilty. On February 22, 2022, Defendant withdrew his plea and pled no contest to aggravated assault with a firearm. The companion charge of possession of a firearm while committing or attempting to commit a crime of violence was dismissed pursuant to the plea agreement.[1] There was no agreement as to sentencing, and a pre-sentencing report (PSI) was requested by the trial court.

During his plea, the following facts were set forth. In the early morning hours of August 16, 2019, Defendant was involved in an altercation at a Valero convenience store in Kinder, Louisiana. During the brawl outside the store, Defendant hit Boyd Langley after being struck by him. Defendant was then knocked to the ground by Langley's relative, Mikailen McCrea. Shortly after, Defendant ran to his vehicle and retrieved a handgun. Defendant pointed the handgun at Boyd Langley, who took off running. Defendant chased after Langley. He fell during the chase and dropped the gun, only to get up, retrieve it, and recommence the chase.

---

[1] On June 13, 2022, on motion by the State, the April 2022 court minutes were ordered to be amended to reflect that all other charges were dismissed. On June 27, 2022, on motion by the State, the trial court ordered that the sentence be amended to include recommendation to the re-entry program, half-way house participation, and any drug/vocational rehabilitation programs available.

Eventually, Defendant handed the gun to a co-defendant, Stacy Poullard, who fired several rounds at Langley.

On April 25, 2022, Defendant was sentenced to four years at hard labor. He thereafter filed a motion to reconsider sentence, but the motion was denied without a hearing on May 5, 2022.

Defendant is now before this court on appeal raising as his sole assignment of error that the trial court imposed a constitutionally excessive sentence by failing to consider the sentencing guidelines in La.Code Crim.P. art. 894.1 and mistakenly believing Defendant had prior arrests.[2]

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.[3]

## DISCUSSION

In Defendant's sole assignment of error, he argues that the trial court imposed a constitutionally excessive sentence by failing to consider the sentencing guidelines in La.Code Crim.P. art. 894.1 and mistakenly believing Defendant had prior arrests. Defendant asserts his trial counsel never had the opportunity to review the PSI with him prior to sentencing. Defendant points out that his counsel filed a motion to reconsider sentence and asked the court to consider that Defendant was not given

---

[2]Louisiana Code of Criminal Procedure Article 894.1 provides a list of factors the trial court could consider when imposing a sentence. This article also allows the trial court to consider any other relevant mitigating circumstance.

[3]Appellate counsel asks this court to amend the sentencing minutes to reflect that Defendant is given credit for time served prior to execution of his sentence. Since "all defendants automatically receive credit for periods of imprisonment spent awaiting trial, even on a silent record[,]" there is no need for the trial court to specifically order credit for time served. *State v. Scott*, 50,080, p. 2 (La.App. 2 Cir. 8/12/15), 174 So.3d 728, 729 n.2 and La.Code Crim.P. art. 880. Furthermore, the transcript does not reflect that the trial court ordered credit for time served at the sentencing hearing in this case.

2

the opportunity to speak, counsel was not given a chance to present argument, Defendant had not been in trouble in the two years awaiting trial, and the trial court failed to specifically discuss which aggravating and mitigating factors it considered in imposing sentence. The trial court denied the motion without a hearing.

Defendant argues his sentence is excessive because he is a young first offender with no prior criminal record and the victim may have been the aggressor. Defendant also argues other mitigating factors should have been considered, and that under *State v. Crawford*, 410 So.2d 1076 (La.1982), the court is required to state for the record the considerations taken into account and the factual basis supporting them in imposing a particular sentence. Defendant argues that as a first offender, he should have been given the opportunity to show he could respond favorably to a probated sentence. Additionally, he argues that the trial court was mistaken in its statements that Defendant had been arrested before and was not a young first-time offender. Appellate counsel for Defendant states in brief that a call to the Thirty-Third Judicial District Court revealed no prior arrests or convictions for Defendant and no others appear in the rap sheet.[4]

For these reasons, Defendant argues his sentence is constitutionally excessive, was not individualized to him, and was imposed without sufficient consideration of La.Code Crim.P. art. 894.1. Therefore, Defendant argues his sentence should be vacated, and the matter should be remanded for resentencing.

In brief, the State argues that Defendant's sentence is not excessive. The State asserts the trial court gave proper consideration to the sentencing factors of La.Code Crim.P. art. 894.1 as well as the evidence presented during the sentencing hearing. The State notes the sentencing range for aggravated assault with a firearm is zero to

---

[4] The comment will be disregarded by this court on appeal as it is outside of the record. *State v. Daspit*, 16-1522 (La.App. 1 Cir. 11/1/17); 233 So.3d 70. Further, the record reflects that the actual PSI considered by the trial court at sentencing suggests otherwise.

3

ten years, but Defendant was sentenced to four years, within the lower half of the maximum. The State acknowledges that Defendant is a first-felony offender; however, the State points out that Defendant had previous arrests and possible convictions in South Carolina, as noted in the PSI. The State notes the trial court properly considered the fact that although Defendant did not fire the weapon, he provided the weapon to a co-defendant, who just so happened to miss the target. Had the co-defendant not missed his intended victim, Defendant could have faced murder charges as a principal. For these reasons, the State argues this court should affirm Defendant's conviction and sentence.

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and

background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261. In *State v. Baker*, 06-1218, (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which states that on appeal of an excessive sentence claim, this court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

Looking first to the nature of the crime, Defendant pled guilty to aggravated assault with a firearm. Under La.R.S. 14:37.4, the penalty for aggravated assault with a firearm is a fine of not more than ten thousand dollars, imprisonment with or without hard labor for not more than ten years, or both. This crime involved the threat of a deadly weapon. The penalty imposed here is less than half of the maximum potential exposure.

5

As to the nature and background of the offender, we consider the remarks made during Defendant's sentencing. During the plea colloquy, Defendant stated he was from Oakdale, and the signed guilty plea form reflected Defendant's date of birth as November 11, 1994. At sentencing, the trial court accepted, read, and filed into the record letters written by Defendant's family members on Defendant's behalf. During sentencing, the trial court further restated the facts and specifically noted the following: Defendant did not fire a shot at the victim; Defendant and the victim were involved in an altercation and a fight; the victim was running for his life; and Defendant handed the firearm to his co-conspirator who fired at the victim. The court focused on the severity of the crime and specifically noted that Defendant could be facing a murder charge had Defendant's friend been a better shot. The trial court noted Defendant was a first-time felony offender, but then read the PSI and noted that Defendant had been arrested other times in the past.[5] The court reiterated that it took into consideration the family letters, but that it did not find Defendant to be "a young first time offender, never having gotten in trouble before." After the imposition of sentence, the State dismissed the remaining charge. Accordingly, we conclude that the trial court properly and adequately considered all relevant information as to Defendant's nature and background prior to sentencing.

The final factor in the *Baker* analysis is a comparison of the sentences imposed for similar crimes. In *State v. Lafleur*, 16-467 (La.App. 3 Cir. 1/4/17), 209 So.3d 927, *writ denied*, 17-808 (La. 1/29/18), 235 So.3d 1104, the defendant approached the victim's truck and pointed a rifle at him. The defendant eventually lowered the weapon and walked away. He was sentenced to the maximum sentence of ten years.

---

[5] According to the PSI, Defendant had several misdemeanor arrests in South Carolina for: unlawful carrying of a weapon; possession of other controlled substance in Schedule I; and possession of 28g or less of marijuana/10g or less of hash. The PSI indicates that in 2019 Defendant was convicted of the possession of 28g or less of marijuana, a misdemeanor.

6

*Id.* On appeal, the defendant alleged that the trial court neglected to consider his mental illness as a mitigating factor and that the trial court's sentence was based upon the defendant's poor behavior in court rather than the facts of the offense. *Id.* This court vacated the sentence and remanded for resentencing. *Id.* After considering the defendant's mental health, the trial court resentenced him to ten years at hard labor, with three of those years suspended. The new sentence was affirmed on appeal. *State v. Lafleur*, 17-284 (La.App. 3 Cir. 10/4/17), 228 So.3d 1248.

In *State v. Brown*, 17-124 (La.App. 4 Cir. 12/12/17), 234 So.3d 978, *writ denied*, 18-10 (La. 6/15/18), 257 So.3d 678, the victim attempted to cash a check given to him by the defendant, but the check was declined. When the victim confronted the defendant, the defendant pulled a gun on the victim, placed it against his side, and the defendant cocked his weapon twice during the verbal exchange. *Id.* The defendant never fired the weapon, and no injuries resulted from the defendant's brandishing of the weapon. In sentencing the defendant, the trial court considered the defendant's failure to accept responsibility for his actions and the senseless nature of the crime and use of a dangerous weapon. *Id.* The fourth circuit later affirmed the trial court's imposition of the maximum fine of $10,000 and the mid-range sentence of five years at hard labor. *Id.*

In *State v. Watson*, 21-725 (La.App. 3 Cir. 4/27/22), 338 So.3d 95, the defendants were each sentenced to eight years for aggravated assault with firearms. During the sentencing hearing, the defendants submitted letters in support of leniency. Additionally, the court noted that one defendant had a juvenile criminal history while the other defendant had a pending charge of possession of marijuana in addition to juvenile charges. The court further noted that both defendants were first felony offenders. In imposing the eight-year sentences, the court considered

7

certain aggravating factors including: deliberate cruelty to the victim, the risk of death or great bodily harm to more than one person, the offense resulted in injury to the victim, damage to the victim's home, and others. *Id.* The court further considered the actual charge to be a strong benefit to the defendants since they were not charged with attempted second degree murder. In mitigation, the court found there would be hardships to the defendants' dependents, but further found an undue risk of the defendants committing other crimes. This court affirmed the defendants' sentences and found that the trial court considered all relevant information prior to sentencing. *Id.*

Considering the above, we find that Defendant's sentence is comparable to other cases involving similar crimes, although the trial court did not necessarily review all of the sentencing guidelines contained in La.Code Crim.P. art. 894.1. Under La.Code Crim.P. art. 881.3 (emphasis added):

> In reviewing a sentence the appellate court may consider the record of the case which shall include **any evidence or relevant information introduced at preliminary hearings, hearings on motions, arraignments, or sentencing proceedings**, and any relevant information included in a presentence investigation report filed into the record at sentencing. In order to preserve confidentiality, in appropriate cases, the court may order that the presentence report, or any portion thereof, be held under seal.

In *State v. Wortham*, 47,431, pp. 4-6 (La.App. 2 Cir. 11/14/12), 107 So.3d 132, 135-36 (emphasis added), the second circuit provided a useful recitation of law:

> **Where the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even where the trial court has not fully complied with the sentencing guidelines of La.C.Cr.P. art. 894.1.** *State v. Lanclos*, 419 So.2d 475 (La.1982); *State v. McGraw*, [616 So.2d 262 (La.App 2 Cir. 1993).] The important elements which should be considered are the defendant's personal history, prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. McGraw*, *supra.* The trial court is not required to weigh any specific matters over other matters. *State v. Moton*, 46,607 (La.App.2d Cir. 9/21/11), 73 So.3d 503, *writ denied*, 11-2288 (La. 3/30/12), 85 So.3d 113; *State v. Caldwell*, 46,645 (La.App.2d Cir.

8

9/21/11), 74 So.3d 248, *writ denied*, 11-2348 (La. 4/27/12), 86 So.3d 625.

. . . .

**When a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.** *State v. Fatheree*, [46,686 (La.App. 2 Cir. 11/2/11), 77 So.3d 1047]; *State v. Germany*, 42,239 (La.App.2d Cir.4/30/08), 981 So.2d 792.

. . . .

Despite the lack of a specific recitation of the 894.1 factors by the court, we find an adequate factual basis for the imposed sentence on the record before us. Before his guilty plea, the court obtained information from Wortham regarding both his age and education. Thus, the record adequately demonstrates the court's awareness of Wortham's youth and educational history. Furthermore, the facts as set forth in the record by the State clearly indicate that Wortham sold only $20 worth of crack cocaine to a confidential informant. Thus, the court also understood the amount of drugs and money involved in the transaction. The court had knowledge of Wortham's criminal history as it conducted his probation revocation hearing immediately after sentencing. Accordingly, consideration by the trial court of the important elements including Wortham's personal history, prior criminal record and seriousness of offense are evident from the record before us and provide a sufficient factual basis for the imposed sentences.

Despite the lack of a specific recitation of some of the sentencing factors, the record indicates the court was aware of Defendant's young age and status as a first felony offender, but also focused on Defendant's past arrest record and the severity of the crime. As to the severity of the crime, the trial court specifically indicated that Defendant could have been facing a much more serious penalty had his co-conspirator hit their target, the intended victim. The trial court also indicated that it considered the letters from Defendant's family submitted in mitigation of a harsher penalty. Additionally, we consider that Defendant was originally charged with possession of a firearm while committing or attempting to commit a crime of violence and aggravated assault with a firearm. Defendant's plea resulted in a

9

significant reduction in potential confinement.[6] As noted above, this gives the trial court great discretion when imposing the sentence for the offense to which Defendant pled. *Id.* Defendant's sentence of four years is less than half of the maximum time he could have been ordered to serve for the remaining charge. For all of these reasons, we find there was a sufficient basis for the imposed sentence, especially when considering similar sentences in other cases. *Baker*, 956 So.2d 83.

In Defendant's motion to reconsider, he additionally argued that the trial court failed to allow him a chance to speak and failed to allow defense counsel to present arguments. In *State v. Wilson*, 53,913, p. 10-11 (La.App. 2 Cir. 5/26/21), 317 So.3d 923, 930, the second circuit provided a concise summary of the law:

> The defendant must be given an opportunity to rebut or explain misinformation upon which the trial court relies or to which it is exposed in its sentencing decision. *State v. Ray*, 423 So. 2d 1116 (La. 1982); *State v. Cox*, 369 So. 2d 118 (La. 1979). The jurisprudence also holds that the accused must likewise be given an opportunity to make a showing, by argument of counsel or otherwise, of mitigating factors under La.C.Cr.P. art. 894.1(B), which the trial court may have overlooked. *See State v. Cox, supra.* The opportunity to do so is waived if not asserted before sentence is passed. *State v. Cox, supra; State v. Hughes*, 587 So.2d 31 (La. App. 2 Cir. 1991), *writ denied*, 590 So.2d 1197 (La. 1992); *State v. Buie*, 477 So.2d 157 (La. App. 1 Cir. 1985). Moreover, error in denying the defendant this opportunity is harmless if there is no proof that the sentencing information was materially and prejudicially false. *State v. Washington*, 414 So. 2d 313 (La. 1982); *State v. Hughes, supra.*
>
> The court does not have the affirmative duty to ask whether the defendant has anything to say at a sentencing hearing. *State v. Hughes, supra.*

Upon examination of the transcript, Defendant did not attempt to speak on his own behalf during the sentencing hearing. As indicated above, the court did not have the affirmative duty to ask if Defendant had anything to say. *Id.* The trial court

---

[6] The illegal carrying of weapons charge under La.R.S. 14:95 (E) carried a possible fine of up to $10,000 and imprisonment without benefit of parole, probation, or suspension of sentence for not less than five nor more than ten years.

recounted the facts of the case, and the State confirmed the facts. Defense counsel or Defendant could have interjected if this factual recitation was incorrect; however, neither did so. Thus, Defendant was never prevented from speaking on his behalf. Even assuming *arguendo* Defendant was denied the opportunity to speak, we find this error is harmless as there was no indication that the information presented at the hearing was materially and prejudicially false.

As to the claim that defense counsel was not allowed to present arguments, we note that defense counsel submitted the letters in mitigation during the sentencing hearing. Additionally, when the court specifically asked if there was anything else the court needed to consider, defense counsel stated, "I don't think so, Judge." Defense counsel was never interrupted or prevented from speaking nor did Defendant attempt to raise any other arguments in mitigation. For these reasons, these additional arguments are without merit.

## DECREE

Defendant's sentence of four years at hard labor for the conviction for the offense of aggravated assault with a firearm, in violation of La.R.S. 14:37.4, is affirmed.

**AFFIRMED.**

11