616 So.2d 262 (1993)
STATE of Louisiana, Appellee,
v.
Tracy McGRAW, Appellant.
No. 24421-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
Rehearing Denied April 29, 1993.
*263 James M. Miller, Oakgrove, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., Penny Wise-Douciere, Asst. Dist. Atty., Rayville, for appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
PER CURIAM.
Defendant, Tracy McGraw, was convicted after a jury trial, of five counts of distribution of cocaine, violations of LSA-R.S. 40:967, and one count of distribution of marijuana, a violation of LSA-R.S. 40:966. On January 23, 1991, the trial court sentenced the defendant to serve 15 years hard labor on each count, with the first three counts to be served consecutively and the last three counts to run concurrently with the third count. Defendant was granted an out-of-time appeal in which he now asserts that the sentences imposed on him are excessive. We affirm.
In 1988, the Richland Parish Sheriff's Office and the Louisiana State Police conducted an undercover operation which targeted drug dealers in Rayville, Louisiana. Over a two-month period from May 28 until July 16, defendant participated in five separate sales of crack cocaine and one sale of marijuana to undercover deputy Eddie Martin. These are the offenses for which defendant was subsequently arrested, tried, and convicted.
On appeal, defendant contends the sentences imposed by the trial court are harsh, cruel, excessive, unusual, and in violation of the constitutional rights guaranteed by the United States and the Louisiana constitutions. Defendant contends that he received harsh sentences for simply exercising his constitutional right to have a trial by jury. Defendant contends that he has only one prior felony conviction and that he does not have a lengthy criminal record. Defendant asserts the trial court did not consider the defendant's personal history before imposing these excessive sentences. Defendant also contends the trial court should have considered the sentencing guidelines promulgated by the Louisiana Sentencing Commission before imposing these excessive sentences. Therefore, defendant contends his sentences should be set aside and his case remanded for resentencing.
Initially we note that defendant was sentenced on January 23, 1991, which is almost one year before the effective date of the sentencing guidelines promulgated by the Louisiana Sentencing Commission. Therefore, the trial court was not required to consider the sentencing guidelines when sentencing the defendant.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with *264 LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
In the instant case, the trial court articulated several factors in setting forth the factual basis for the sentences imposed on the defendant. The trial court reviewed the defendant's pre-sentence investigation report and found no factors in mitigation for the 31-year-old defendant. The trial court mentioned the defendant's criminal history, which included charges for violent offenses, such as aggravated assault, attempted murder, and simple assault, and prior drug convictions, for possession of marijuana in 1982 and 1985. Defendant's conviction for aggravated battery rendered him a second felony offender, although he was not charged as such in the instant case. The trial court found the defendant was a full-time drug dealer, as well as a self-admitted cocaine addict, who had a fixation of doing homicidal harm to a deputy. The trial court also noted that the defendant was a very dangerous individual who needed to be incarcerated for a lengthy period of time.
Since the state elected not to charge defendant as a second felony offender, he faced imprisonment at hard labor for up to 30 years on each count. LSA-R.S. 40:966 B; LSA-R.S. 40:967 B. The offenses committed were not based on the same act or transaction and were separate incidences, thus exposing the defendant to a maximum of 180 years imprisonment. LSA-C.Cr.P. Art. 883. Therefore, the defendant's aggregate sentence of 45 years is only one-quarter of his maximum exposure.
Our review of the record indicates that the trial court complied with LSA-C.Cr.P. Art. 894.1 when sentencing the defendant. The record reflects that the trial court adequately considered the guidelines of this article when articulating a factual basis for the sentences imposed on the defendant. We further find the sentences imposed are not constitutionally excessive. The defendant avoided being adjudicated as a multiple offender. Based on the defendant's prior criminal history and numerous drug transactions, the sentences imposed do not shock our sense of justice and were not an abuse of the trial court's discretion. For the foregoing reasons, the defendant's sentences are affirmed.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the three-year prescriptive period for applications for post-conviction relief. The record in the instant case does not show that the defendant was informed of this prescriptive period. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse these sentences or remand the case for resentencing. LSA-C.Cr.P. Art. 921. The trial court is directed to inform defendant of the provisions of LSA-C.Cr.P. Art. 930.8 within ten (10) days of the rendition of this opinion and file written proof that the defendant received such notice in the record.
AFFIRMED.

*265 APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, HIGHTOWER and WILLIAMS, JJ.
Rehearing denied.