CARAWAY, J.
hJatavious Wortham pled guilty to one count of distribution of cocaine and one count of simple possession of marijuana for which he received concurrent sentences of 12 years at hard labor and 6 months in the parish jail. After his probation on a separate felony was revoked, and his previous sentence imposed consecutively to his offenses of conviction, Wortham appealed his sentences as excessive. We affirm.

Facts

On June 23, 2011, Wortham was charged with separate counts of distribution of cocaine, possession of marijuana and resisting an officer after he sold the drugs to a confidential informant earlier in the year. At the time of the offenses, Wortham was on probation for a prior undisclosed felony for which he had received a suspended 8-year sentence with probation.
On December 5, 2011, Wortham pled guilty to distribution of cocaine and simple possession of marijuana in exchange for the state’s dismissal of the resisting an officer offense. Additionally, the state recommended a 12-year hard labor sentence for the distribution charge and that the court impose a concurrent sentence for the misdemeanor marijuana conviction.
At his guilty plea, Wortham confirmed that his attorney had explained the charges and penalties, as well as the state’s plea offer and “suggested sentence.” He also confirmed his understanding of his rights and waiver of those rights by the guilty plea. Wortham admitted to the prosecution’s stated factual basis for the plea. Finding that Wortham knowingly and voluntarily waived his rights, the trial court accepted Wortham’s guilty |2pleas. The defendant waived time delays for sentencing and no presentence investigation report was ordered.
Wortham received concurrent sentences of 12 years at hard labor without benefit of probation, parole, or suspension of sentence for the first 2 years on the cocaine conviction and 6 months in the parish jail for the marijuana conviction.
Immediately after sentencing, the trial court addressed the state’s petition to revoke Wortham’s probation on his previous felony conviction and the issue of whether the reinstated sentence should run concurrently or consecutively as follows:
COURT: All right. Any — any requests as it relates to how these should run?
STATE: No, Your honor.
COURT: All right. Then, Mr. Gilley, anything you or Mr. Wortham want to tell the Court?
GILLEY: No, Your Honor. He would like to have his probation revoked and start working on that time.
COURT: All right. Then we will show based upon the conviction of this felony, that his probation is revoked. Now, previously I had stated that 88,-743 and 83,744 will run concurrent with one another but the Court in 77,772 and 77,785 will revoke the probation, reinstate the original sentence, run that consecutive with the matters he had pled guilty to today and give him credit for time served.
After sentencing on December 12, 2011, Wortham sent a letter to the trial court entitled “Motion to appeal sentence” informing the court that his appointed attorney told him that if he pled guilty and took the 12-year recommended sentence, then *135 “everything else would be running | .¡concurrent.” Wortham asked that he be allowed to withdraw his plea[1] or be resen-tenced so that all the sentences would run concurrently.
By letter stamped filed December 21, 2011, Wortham made a pro se request to reconsider sentence in which he asked the trial court to consider running his recent convictions concurrently with his prior sentences and recommend Wortham for a substance abuse program.[2]
The trial court responded to these letters by granting Wortham an appeal on December 29, 2011.

Discussion

On appeal, Wortham raises two sentencing issues. He first contends that the record lacks a sufficient factual basis for the 12-year sentence and does not indicate that the facts of the case “were adequately considered in particularizing the sentence to Mr. Wortham.” Wortham argues that he is a “youthful offender with a limited education” who sold “one $20 rock of crack to a confidential informant.” Wortham also complains that under these circumstances, the 12-year sentence, imposed consecutively to the original 8-year sentence on Wortham’s prior felony, are excessive.
The trial court has wide discretion in imposing a sentence within minimum and maximum limits allowed by the statute and a sentence will knot be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Hardy, 39,238 (La.App.2d Cir.1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 11-2304 (La.3/9/12), 84 So.3d 550. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.9/21/11), 73 So.3d 1021, writ denied, 11-2347 (La.3/9/12), 84 So.3d. 551.
An excessive sentence is reviewed by examining whether the trial court adequately considered the guidelines established in La.C.Cr.P. art. 894.1 and whether the sentence is constitutionally excessive. State v. Gardner, 46,688 (La.App.2d Cir.11/2/11), 77 So.3d 1052. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance; the trial court need only articulate a factual basis for the sentence and the record must reflect that the trial court adequately considered the guidelines of the sentencing guidelines. State v. Cunningham, 46,664 (La.App.2d Cir.11/2/11), 77 So.3d 477; State v. McGraw, 616 So.2d 262 (La.App. 2d Cir.1993). Where the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even where the trial court has not fully complied with the sentencing guidelines of La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 *136 (La.1982); State v. McGraw, supra. The important elements which should be considered are the defendant’s personal history, prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. McGraw, supra. The trial court is not required to weigh any specific matters over other matters. State v. Moton, 46,607 (La.App.2d Cir.9/21/11), 73 So.3d 503, writ denied, 11-2288 (La.3/30/12), 85 So.3d 113; State v. Caldwell, 46,645 (La.App.2d Cir.9/21/11), 74 So.3d 248, writ denied, 11-2348 (La.4/27/12), 86 So.3d 625.
Under constitutional review, a sentence can be excessive even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
The trial court’s discretion in sentencing is not limited by sentencing recommendations from the state and the defense attorney. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 So.2d 868; State v. Green, 221 La. 713, 60 So.2d 208 (1952).
When a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Fatheree, supra; State v. Germany, 42,239 (La.App.2d Cir.4/30/08), 981 So.2d 792.
It has long been held that dissatisfaction with the sentence or expected sentence imposed is not grounds for withdrawal of a guilty plea if the accused entered the plea with the advice of competent counsel and there is no indication that a prior commitment has been broken. State v. Clark, 414 So.2d 369 (La.1982). A plea bargain is considered to be a contract | (¡between the state and the criminal defendant. State v. Givens, 99-3518 (La.1/17/01), 776 So.2d 443; State v. Waffer, 45,210 (La.App.2d Cir.8/11/10), 47 So.3d 533, writs denied, 10-2382 (La.3/4/11), 58 So.3d 474, 10-2375 (La.3/4/11), 58 So.3d 475. The first step under contract law is to determine whether a contract was formed in the first place through offer and acceptance. The party demanding performance of the contract has the burden of proving its existence. State v. Givens, supra.
Despite the lack of a specific recitation of the 894.1 factors by the court, we find an adequate factual basis for the imposed sentence on the record before us. Before his guilty plea, the court obtained information from Wortham regarding both his age and education. Thus, the record adequately demonstrates the court’s awareness of Wortham’s youth and educational history. Furthermore, the facts as set forth in the record by the State clearly indicate that Wortham sold only $20 worth of crack cocaine to a confidential informant. Thus, the court also understood the amount of drugs and money involved in the transaction. The court had knowledge of Wortham’s criminal history as it conducted his probation revocation hearing immediately after sentencing. Accordingly, consideration by the trial court of the important elements including Wort-ham’s personal history, prior criminal record and seriousness of offense are evident from the record before us and provide a sufficient factual basis for the imposed sentences.
Considering that Wortham faced possible sentencing exposure of 2-30 years under La. R.S. 40:967, when viewed in light of the aforementioned facts, his imposed sentence of 12 years is below the medium |7range of sentencing. Wortham received a substantial benefit from his plea bargain and qualified as a second felony offender. In these circumstances, he has *137 not shown that his 12-year punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering.
Wortham’s final complaint is that his sentence is excessive because the revoked sentence was imposed to run consecutively to the instant sentence. Wortham confirmed in his guilty plea colloquy that he was informed of the state’s recommended sentence of 12 years for the felony and was in agreement that the imposed sentences for that offense and the misdemeanor would run concurrently. No evidence of the any agreement regarding a concurrent imposition of the original suspended 8-year sentence is contained in the record. Thus, Wortham has failed to prove that any agreement as to this fact existed.
The revocation proceeding is a separate criminal action from the case at hand. While the probation revocation occurred immediately after Wortham’s guilty plea and his sentencing in the instant matter and was included in this record on appeal, nothing in our law requires the two proceedings to be considered as one. Under La.C.Cr.P. art. 901 C(2), without any agreement by the state and defendant or the court’s specific order that the sentence run concurrently to the other sentences, the court was mandated upon revocation of Wortham’s probation to impose the sentence consecutively with the sentence for the new conviction. For these reasons, this argument is without merit.

IsDecree

For the foregoing reasons, Wortham’s convictions and sentences are affirmed.
AFFIRMED.

. Wortham's request to withdraw his plea was made after he was sentenced. La.C.Cr.P. art. 559 states that “the court may permit a plea of guilty to be withdrawn at any time before sentence.” Withdrawal of a guilty plea after sentencing is also at the trial court’s discretion. State v. Anderson, 27,356 (La.App.2d Cir.9/27/95), 661 So.2d 542.

. By letter filed January 9, 2012, and titled "Motion to reconsider sentence,” Wortham again asked the trial court to run the sentences concurrently. The trial court did not rule on this motion. This court may review Wortham’s sentence in spite of the pending motion. Upon the trial court’s later ruling upon such motion, Wortham may seek appellate review of that decision pursuant to La. C.Cr.P. art. 914(B)(2). State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297.