STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-762

STATE OF LOUISIANA

VERSUS

JACOB COBB

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 65142
HONORABLE THOMAS JAMES FREDERICK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van H. Kyzar and Guy Ernest Bradberry,
Judges.

**AFFIRMED.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 6547**
**Lake Charles, LA 70606-6547**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Jacob Cobb**

**Aaron M. Meche**
**Assistant District Attorney Vermilion**
**15th Judicial District Court**
**100 N. State Street Ste 215**
**Abbeville, La 70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Donald Dale Landry**
**District Attorney**
**15th Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**KYZAR, Judge.**

Defendant appeals his sentence of five years at hard labor to be served without benefits imposed following his entry of a plea of no contest to the offense of sexual battery in violation of La.R.S. 14:43.1(A)(2), pursuant to a plea agreement but where no sentence was agreed to therein. For the reasons set forth below, we affirm Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

On November 18, 2019, Defendant, Jacob Cobb, was indicted and charged with first degree rape of a child under the age of thirteen, in violation of La.R.S. 14:42(A)(4), and possession with intent to distribute child pornography, in violation of La.R.S. 14:81.1.

Defendant, who was sixteen years old at the time, admitted to sexual conduct with a child, who was twelve years old and just shy of her thirteenth birthday. The investigation revealed that the victim told Defendant in a series of text messages that she was fifteen years of age. The victim acquired her grandmother's credit card and used it for an Uber to ride to Defendant's house on more than one occasion, and while there, Defendant engaged in sexual activity with the child. The State asserted that it was Defendant that coaxed the twelve year old victim into stealing her grandmother's credit card to pay for an Uber ride and coming to his house for the purposes of having sex on two occasions.[1]

Defendant initially entered a plea of not guilty to both offenses. On September 14, 2020, the State dismissed the possession with intent to distribute child pornography charge. On February 7, 2022, Defendant entered into a plea

---

[1] The facts are derived from comments made during the sentencing hearing as there was no transcript of the plea hearing or other pre-plea hearings wherein testimony was elicited.

agreement with the State in which count one was amended to sexual battery, in violation of La.R.S. 14:43.1(A)(2), and Defendant entered a plea of no contest.

On May 13, 2022, the trial court held a sentencing hearing and sentenced Defendant to five years at hard labor to be served without benefits. A motion for reconsideration of sentence was filed on June 10, 2022, but the motion was denied on June 15, 2022.

A motion to appeal and designation of the record was filed and later granted by the trial court. Defendant is now before this court raising one assignment of error, that his trial counsel was ineffective for failing to raise in a motion to reconsider sentence that the sentence is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no such error.

## DISCUSSION

Defendant argues by this appeal that his counsel was ineffective for failing to seek reconsideration of the sentence based on the excessiveness of the sentence.[2] Defendant notes that a claim of ineffective assistance of counsel is analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Defendant notes that under this test he must show his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* Defendant also acknowledges in his brief that the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective

---

[2] Counsel for Defendant did file a motion to reconsider sentence, the grounds for which was Defendant's request that the court reconsider the sentence to give Defendant the benefit of the provisions of La.Code Crim.P. art 893(E). However, this provision is not applicable to a sentence for a crime designated as a "sex offense" in La.R.S. 15:541, when it involves a child under the age of seventeen, and sexual battery is a sex offense under the article. The motion was denied.

2

assistance of counsel. *State v. Fairley*, 02-168 (La.App. 5 Cir. 6/26/02), 822 So.2d 812. A basis for ineffective assistance of counsel may only be found if a defendant can "'show a reasonable probability that, but for counsel's error, his sentence would have been different.'" *Id.* at 816. Defendant also acknowledges that in order to determine if there was a reasonable probability that Defendant's sentence would have been different had counsel raised the proper objection, this court must actually examine whether the sentence was in fact excessive. Accordingly, we do so here.

In *State v. Green*, 16-938, pp. 36-37 (La.App. 3 Cir. 7/19/17), 248 So.3d 360, 383-84 (alterations in original), *writ denied*, 17-1348 (La. 4/27/18), 239 So.3d 836, this court restated the standard for proving ineffective assistance of counsel:

> "The standard of review on a claim of ineffective assistance of counsel is deficiency in counsel's performance giving rise to a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
>
> A criminal defendant is guaranteed the effective assistance of counsel. United States Sixth Amendment; La.Const. art. I, § 13. To establish a claim for ineffective assistance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and, that counsel's professional errors resulted in prejudice to the extent that it undermined the functioning of the adversarial process and rendered the verdict suspect.
>
> A claim of ineffectiveness is generally relegated to post-conviction, unless the record permits definitive resolution on appeal. However, when the record is sufficient for review, this Court will reach the merits of complaints about counsel's performance and grant relief when appropriate.

3

*State v. Nargo*, 15-779, pp. 7-8 (La.App. 3 Cir. 6/1/16), 193 So.3d 1263, 1268 (citations omitted).

. . . .

More specifically, under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for a defendant to establish that he received ineffective assistance of counsel, he must show that (1) "counsel's representation fell below an objective standard of reasonableness" and that (2) "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 687-88, 104 S.Ct. 2052. If the defendant fails to meet one of the criteria of the two-pronged test, the reviewing court is not required to address the other one. *State v. James*, 95-962 (La.App. 3 Cir. 2/14/96), 670 So.2d 461 (citing *State v. James*, 555 So.2d 519 (La.App. 4 Cir.1989), *writ denied*, 559 So.2d 1374 (La.1990)). "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the [second] ground of lack of sufficient prejudice, which [ ] will often be so, that course should be followed." *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

In *Green,* the defendant asserted his counsel was ineffective for failing to raise certain claims in a motion to reconsider sentence. *Id.* This court noted that ineffective assistance of counsel claims are more properly raised in an application for post-conviction relief, but the claims may be addressed on appeal when there is a sufficient record for review. *Id.* This court then noted that while the failure to file a motion to reconsider sentence in and of itself does not constitute ineffective assistance of counsel, if a defendant can show a reasonable probability that but for counsel's error in failing to do so his sentence would have been different, a basis for an ineffective assistance claim may be found on direct appeal. *Id.* This court then proceeded with an excessive sentence review.

After reviewing the facts of the case, this court in *Green* determined the sentence imposed was not excessive. We further held that after considering the detailed reasons given by the trial court, it was not probable that a motion to reconsider sentence alleging the assertions made by Green would have caused the

trial court to impose a lesser sentence. *Id.* Thus, this court found there was no merit to his claim that his counsel was ineffective. *Id.*

As in *Green*, we will first proceed with a review of whether Defendant's sentence is constitutionally excessive. Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

>> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State*

> v. *Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991).
> Additionally, it is within the purview of the trial court to
> particularize the sentence because the trial judge
> "remains in the best position to assess the aggravating
> and mitigating circumstances presented by each case."
> *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957,
> 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three-factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

Looking first to the nature of the crime, Defendant was sentenced to five years for sexual battery under La.R.S. 14:43.1(A)(2). Defendant, as a sixteen year old, had sexual relations with a twelve-year-old child. Louisiana Revised Statutes 14:2(B) denotes sexual battery as a crime of violence. Under La.R.S. 14:43.1(C)(1), the penalty for sexual battery is imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years. Thus, Defendant received only half of the maximum.

As to the nature and background of the offender, we look to the remarks made during the sentencing hearing. At the hearing, the trial court noted that the presentence investigation report indicated Defendant had a small number of felony arrests but no felony convictions, and so the court officially classified Defendant as a first felony offender. The court also took notice of the fact that Defendant was under the age of seventeen at the time of the commission of the offense, which

6

weighed in favor of mitigation for Defendant, but did not lessen the seriousness of the offense. The court similarly took notice of the fact that the victim was an even younger age and appeared, through her father, for the purpose of making a statement for the report. Additionally, the court indicated Defendant openly admitted to the offense and gave a statement saying he wanted to live a better life and correct the things he had done wrong. The trial court then allowed Defendant to speak on the record, and Defendant said, "I can just say I was being stupid at the time. I really didn't know right from wrong. At the time, I wasn't really thinking too much. And I'm just . . . like I said, I'm working on bettering my life."

At the hearing, the defense called Defendant's mother, Mary Kay Cobb, in mitigation. Ms. Cobb confirmed that at the time of the incident Defendant was sixteen years old and on probation for using his grandmother's vehicle without permission. She confirmed both she and Defendant were living with his grandmother at the time of the offense, and Defendant's probation was revoked as a result of the arrest. Ms. Cobb additionally confirmed that the victim lied about her age in text messages with Defendant. She also stated that there have been changes in Defendant's life since the arrest because Defendant now has a young child. Ms. Cobb said Defendant has made an effort to secure employment since the baby's birth and stated that Defendant could live with her if the court imposed a sentence of house arrest. Ms. Cobb stated she felt her son had changed since the birth of his child and had grown up.

Before the imposition of sentence, counsel for Defendant argued there were certain mitigating factors the court should consider, including the victim's lie regarding her age, Defendant's lack of any felony convictions, a newborn baby, Defendant's young age at the time of the offense, and the victim was close to the

age requirement where he would not have been charged with such a serious offense.

The court indicated it reviewed the presentence investigation report, the record of prior offenses, the aggravating factors presented by the State, and the mitigating factors presented by the defense. The court noted that Defendant's crime inflicted emotional injury on the victim due to her youthful age, as the victim's father indicated she was in therapy. The court further noted Defendant was originally charged with much more serious offenses and faced the possibility of a much greater sentence. The court acknowledged Defendant may benefit from supervision but also found that a lesser sentence would deprecate the seriousness of the crime, and, thus, the trial court ruled imprisonment was warranted.

The final factor in the *Baker*[3] analysis is a comparison of the sentences imposed for similar crimes. We note that there are a limited number of similar cases to Defendant's based on his status as a juvenile. There are cases involving first-offender adult defendants that are somewhat analogous. In *State v. Reynolds*, 41,612 (La.App 2 Cir. 2/28/07), 954 So.2d 179, *writ denied*, 07-1023 (La. 11/16/07), 967 So.2d 522, the defendant pled guilty to sexual battery and was sentenced to five years at hard labor without benefits. The defendant argued his sentence was excessive. The second circuit noted the following: the defendant was initially indicted on a charge of forcible rape but pled guilty to sexual battery; several letters in mitigation were introduced on the defendant's behalf; the victim and the defendant had a prior relationship; the defendant was a first-time felony offender but had been charged with numerous misdemeanors. *Id.* In affirming the defendant's five-year sentence, the second circuit noted the defendant was thirty-eight years old without prior felony convictions. However, the court also noted

---

[3] 956 So.2d 83.

8

that the defendant received a significant benefit by virtue of his plea bargain. *Id.* The second circuit stressed that a substantial advantage obtained by a plea is a legitimate consideration in sentencing. *Id.* The second circuit also noted that the trial judge is not required to list every aggravating or mitigating circumstance, so long as the record reflects the court adequately considered the guidelines of the article. *Id.*; *See also, State v. Smith,* 433 So.2d 688 (La.1983). The second circuit found the trial court adequately complied with the sentencing guidelines found in La.Code Crim.P. art. 894.1. *Reynolds,* 967 So.2d 522.

Defendant's sentence is comparable to other cases involving first-time felony offenders, although the trial court did not necessarily review all of the sentencing guidelines contained in La.Code Crim.P. art. 894.1. Under La.Code Crim.P. art. 881.3 (emphasis added):

> In reviewing a sentence the appellate court may consider the record of the case which shall include **any evidence or relevant information introduced at preliminary hearings, hearings on motions, arraignments, or sentencing proceedings,** and any relevant information included in a presentence investigation report filed into the record at sentencing. In order to preserve confidentiality, in appropriate cases, the court may order that the presentence report, or any portion thereof, be held under seal.

In *State v. Wortham,* 47,431, pp. 4-6 (La.App. 2 Cir. 11/14/12), 107 So.3d 132, 135-36 (emphasis added), the second circuit provided a useful recitation of law:

> **Where the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even where the trial court has not fully complied with the sentencing guidelines of [La.Code Crim.P.] art. 894.1.** *State v. Lanclos,* 419 So.2d 475 (La.1982); *State v. McGraw,*[616 So.2d 262 (La.App 2 Cir. 1993).] The important elements which should be considered are the defendant's personal history, prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. McGraw, supra.* The trial court is not required to weigh any specific matters over other matters. *State v. Moton,* 46,607 (La.App.2d Cir. 9/21/11), 73 So.3d 503, *writ denied,* 11-2288 (La. 3/30/12), 85 So.3d 113; *State v. Caldwell,* 46,645 (La.App.2d Cir. 9/21/11), 74 So.3d 248, *writ denied,* 11-2348 (La. 4/27/12), 86 So.3d 625.

9

. . . .

**When a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.** *State v. Fatheree*, [46,686, p. 6 (La.App. 2 Cir. 11/2/11), 77 So.3d 1047, 1051]; *State v. Germany*, 42,239 (La.App.2d Cir.4/30/08), 981 So.2d 792.

. . . .

Despite the lack of a specific recitation of the 894.1 factors by the court, we find an adequate factual basis for the imposed sentence on the record before us. Before his guilty plea, the court obtained information from Wortham regarding both his age and education. Thus, the record adequately demonstrates the court's awareness of Wortham's youth and educational history. Furthermore, the facts as set forth in the record by the State clearly indicate that Wortham sold only $20 worth of crack cocaine to a confidential informant. Thus, the court also understood the amount of drugs and money involved in the transaction. The court had knowledge of Wortham's criminal history as it conducted his probation revocation hearing immediately after sentencing. Accordingly, consideration by the trial court of the important elements including Wortham's personal history, prior criminal record and seriousness of offense are evident from the record before us and provide a sufficient factual basis for the imposed sentences.

Despite the lack of a specific recitation of some of the sentencing factors, the record in this case indicates the court was aware of Defendant's young age and status as a first-time felony offender. However, the trial court focused on the severity of the crime and the young age of the victim. The trial court indicated that it considered the facts presented by the defense in mitigation, which included testimony from Defendant's mother and Defendant's own statement, as well as certain aggravating factors presented by the State. The court noted that while Defendant may benefit from supervision, a lesser sentence would deprecate the seriousness of the offense. As to the severity of the crime, the court specifically indicated that had Defendant not pled guilty, he could have been facing a much more serious penalty for first degree rape of a child under the age of thirteen and for possession with intent to distribute child pornography. Defendant's plea

10

agreement resulted in a significant reduction in confinement, so the trial court had great discretion when imposing a sentence for the offense he ultimately pled to. *Id.* Defendant's sentence of five years is half of the total amount of time he could have been ordered to serve.

Appellate counsel for Defendant makes the good faith and impassioned argument that had Defendant been originally charged with the offense in juvenile court, or charged therein with sexual battery, rather than the greater charge of first degree rape of a child under the age of thirteen, his punishment would have been less severe.[4] We note, however, that it was in the discretion of the District Attorney in determining the initial charge, and the grand jury in this case since he was charged by way of a bill of indictment, and it is not for us to second guess that decision. La.Code Crim.P. art 61. Further, even had Defendant been adjudicated in juvenile court for the first degree rape charge, he would also have faced a five-year term of custody, without benefits, being until his twenty-first birthday.[5] While we acknowledge a potential difference in the manner of incarceration, we cannot conclude that this makes the sentence here excessive.

---

[4] La.Ch.Code art. 857.

[5] See La.Ch.Code art. 897.1(B):

> After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:42, first degree rape, or R.S. 14:44, aggravated kidnapping, the court shall commit the child who is fourteen years or older at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined in secure placement until the child attains the age of twenty-one years without benefit of probation or suspension of imposition or execution of sentence.

Further, given the time frame for handling juvenile delinquency matters, he would most likely have been adjudicated within the year of his charge.

11

For all of these reasons, we find there was a sufficient basis for the imposed sentence. As we conclude that the sentence imposed is not constitutionally excessive, we also find that counsel did not err in failing to raise excessiveness of the sentence in the motion to reconsider sentence. After considering the reasons given by the trial court, it was not probable that a motion to reconsider sentence alleging the assertions made by Defendant would have caused the trial court to impose a lesser sentence. *Green*, 248 So.3d 360. Thus, there is no merit to Defendant's claim that his counsel was ineffective. *Id.* Accordingly, we affirm Defendant's sentence.

## DECREE

Defendant's sexual battery in violation of La.R.S. 14:43.1(A)(2) and the sentence imposed therefore of five years at hard labor without the benefit of parole, probation, or suspension of sentence, with credit for time served, is affirmed.

**AFFIRMED.**