# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-109

**STATE OF LOUISIANA**

**VERSUS**

**DWIGHT THOMAS**
**AKA DWAYNE JEROME THOMAS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. #113009-FB
HONORABLE CHUCK R. WEST, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GARY J. ORTEGO**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Sharon Darville Wilson, and Gary J. Ortego, Judges.

**AFFIRMED.**

Peggy J. Sullivan
LA Appellate Project
P. O. Box 1481
Monroe, LA 71210
(318) 855-6038
COUNSEL FOR DEFENDANT/APPELLANT:
     Dwight Thomas

Hon. Trent Brignac
District Attorney
13th Judicial District Court
Justin "Bo" West
Chauncey J. Hesnor
Assistant District Attorneys
P. O. Drawer 780
Ville Platte, LA 70586
(337) 363-3438
COUNSEL FOR APPELLEE:
     State of Louisiana

**ORTEGO, Judge.**

On July 6, 2018, the State filed a bill of information charging Defendant, Dwight Thomas, with first degree rape, in violation of La.R.S. 14:42; home invasion, in violation of La.R.S. 14:62.8; and simple criminal damage to property, in violation of La.R.S. 14:56.

On October 11, 2018, an Evangeline Parish Grand Jury returned a bill of indictment, charging Defendant with first degree rape, in violation of La.R.S. 14:42, and home invasion, in violation of La.R.S. 14:62.8.

On July 7, 2023, Defendant plead guilty to second degree rape. As part of the plea agreement, the State dismissed the charges of home invasion and simple criminal damage to property under docket number 113009; dismissed Defendant's additional charges of first degree rape and home invasion under docket number 109998; and did not seek habitual offender proceedings.

On December 5, 2023, the trial court sentenced Defendant to forty years at hard labor without the benefit of probation, parole, or suspension of sentence. Following the imposition of the sentence, the trial court heard and subsequently denied Defendant's motion to reconsider sentence.

Defendant appeals his sentence, assigning two errors:

1. The maximum sentence of forty years imposed in this matter was not warranted by the facts and circumstances of the case or Mr. Thomas' personal history.

2. The trial court erred in denying the Motion to Reconsider Sentence.

For reasons stated below, Defendant's conviction and sentence are affirmed.

## FACTS

On or about January 6, 2017, Officer Calob Falgout of the Ville Platte Police Department was dispatched to the home of victim, D.F, regarding a break in and

rape. Upon arrival, Officer Falgout observed blood on D.F.'s clothing and injuries to her body.

According to D.F., a black male wearing a black coat broke into her home through the front door and attacked her. The male grabbed her throat, removed her undergarments, and placed his fingers inside of her vagina. The male attempted to penetrate her with his penis but had trouble getting an erection. D.F. attempted to get away; however, the male grabbed her, forced her onto the kitchen counter, penetrated her from behind, and bit her on the back. After he finished, the male let her go and disappeared. D.F. thought he left, so she put her clothes on and tried to run across the street to get help; but the male grabbed her by the neck to stop her. D.F. started screaming and the male finally let her go and fled the scene. D.F. was eventually treated for her injuries and a rape kit was performed.

While searching for evidence at D.F.'s home, Detective Laborde of the Ville Platte Police Department found an unopened Magnum brand condom and a black and red watch. DNA testing later confirmed that the condom at the scene belonged to Defendant.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**ON THE MERITS**

In his first and second assignments of error, Defendant asserts his forty-year sentence for second degree rape is unconstitutionally excessive and that the trial court erred in denying his motion to reconsider sentence. Specifically, Defendant argues the forty-year sentence is "not warranted by the facts and circumstances of the case or [his] personal history." Additionally, Defendant contends that the forty-

2

year sentence is a "life sentence," as he is forty-three-years-old. Since Defendant's assignments of error are interrelated, we will address them simultaneously.

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99–433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:
>
>> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best

position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, 13-771, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005–06 (alterations in original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

In *State v. Wortham,* 47,431, pp. 4–5 (La.App. 2 Cir. 11/14/12), 107 So.3d 132, 135–36 (emphasis added), the second circuit provided a useful recitation of law:

> **Where the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even where the trial court has not fully complied with the sentencing guidelines of La.C.Cr.P. art. 894.1**. *State v. Lanclos,* 419 So.2d 475 (La.1982); *State v. McGraw,*[616 So.2d 262 (La.App. 2 Cir. 1993)]. The important elements which should be considered are the defendant's personal history, prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. McGraw,*[616 So.2d 262 (La.App. 2 Cir. 1993)]. The trial court is not required to weigh any specific matters over other matters. *State v. Moton,* 46,607 (La.App.2d Cir.9/21/11), 73 So.3d 503, *writ denied,* 11–2288 (La.3/30/12), 85 So.3d 113; *State v. Caldwell,* 46,645 (La.App.2d Cir.9/21/11), 74 So.3d 248, *writ denied,* 11–2348 (La. 4/27/12), 86 So.3d 625.
>
> . . . .
>
> **When a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense**. *State v. Fatheree*, [46,686, p. 6 (La.App. 2 Cir. 11/2/11), 77 So.3d 1047, 1051]*; State v. Germany,* 42,239 (La.App.2d Cir.4/30/08), 981 So.2d 792.

As previously mentioned, Defendant plead guilty to second degree or "forcible" rape, an enumerated as a crime of violence. La.R.S. 14:2(B) and 14:42.1.

At sentencing, the following colloquy occurred:

**BY THE COURT:**
Alright, Mr. Thomas you were before this court on July 7, 2023, and on that date[,] you [pled] guilty to the crime of second degree rape in violation of Louisiana Revised Statute 14:42.1. At that time[,] I ordered a PSI, presentence investigation and deferred sentencing until this rap -- date. I have received the presentence report and I've studied it for the purpose of determining an appropriate sentence in your case. I have shared that report with Mr. West and Mr. Noel, your attorney. The possible sentence which can be imposed for the offense to which you plead are, whoever commits the crime of second degree rape shall

4

be imprisoned at hard labor for not less than five no more than forty years. At least two years of the sentence shall be without benefit of probation, parole, or suspension of sentence. The presentence report reflects your prior record consist of, on March 23, 2006[,] the Beaumont Police Department reported you being [ ] charged with obstruction or retaliation. That charge was not billed and on 6-14-2007, the Beaumont Police Department reports that you were charged with sexual assault in docket number 07-01388 and on May 5, 2008, you were sentenced to five years at hard labor. You were released on parole on 1-30-2013. Is that correct?

**BY THE DEFENDANT:**
Yes sir.

**BY THE COURT:**
Counsel is [sic] there any facts that you would like to present regarding mitigation outside of the pre -- [ ] of the memorandum you submitted?

**BY MR. NOEL:**
Your Honor, I would state, must [sic] of it is already contained in the presentence investigation report. He's always been employed, with the exception of the prior in Texas, he's not -- as you can see[,] he's got very little in the way of a criminal history of all. The [ ] -- he has supported his children throughout their lives and has been involved in their lives and I think that's reflected by the letters that his children wrote to you.

**BY THE COURT:**
And I have reviewed those letters as well as the victim's letter.

**BY MR. NOEL:**
And we certainly do not believe that the maximum sentence is warranted in his case[,] and we believe that the Court should take him [sic] as mitigation the fact that he has always been dutifully employed and although -- although I would concede that a sexual assault uh conviction in the past is definitely not a good thing, it is the only prior felony that he's -- or anything. The man is now forty-three years old and in all that time, he's -- his [rap] sheet is very minimal to say the least.

**BY THE COURT:**
Mr. West?

**BY THE STATE:**
Judge, he is charged with second degree rape. It's [violent] [and] sexual in nature. He has a prior sex offense in 2008. [ ] [H]e was convicted of sexual battery. He was required to register as a sex offender, nine years later he committed another sex crime. [ ] [T]his time he broke into a house and violently assaulted a fifty-eight year old lady. Extreme force and violence used. [ ] [W]ith the 2008 conviction

5

he is just not learning his lesson. [ ] [I]n Mr. Noel's pretrial memo, he stated he took responsibility by taking a plea, but he only took responsibility after the DNA came back. [ ] [T]he State is going to request the maximum sentence.

**BY THE COURT:**

Alright, Mr. Thomas, anything you want to say other than what your attorney had said?

**BY THE DEFENDANT:**

I just want to say I do have remorse for the crime that was committed and [ ] I want to tell the victim that I'm truly sorry.

Thereafter, the trial court imposed the sentence, stating:

**BY THE COURT:**

Alright, the Court has carefully studied the presentence report, the record of prior offenses, factors in mitigation presented by the defendant through the pretrial hum -- presentencing memorandum. I've considered these matters as well as the nature of the present offense in light of the provisions of Article 894.1, including the victim['s] letters and letters from Mr. Thomas' family members and the Court makes the following findings regarding sentence; your record of prior offences indicates that you have been given a chance to correct your criminal behavior and you have failed to do so. Furthermore, the record indicates that you intentionally inflicted serious bodily injury on the victim and imprisonment must be imposed if there is an undue risk of commission of another crime, correctional treatment would be most effective in [an] institution, and or a lesser sentence will deprecate the seriousness of the crimes. In addition, you have [pled] guilty to a serious crime of violence and any suspension of sentence would deprecate the seriousness of that crime. The crime of violence you plead guilty to particularly shows deliberate cruelty to the victim as well as the use of actual violence in the commission of that crime and I also find that the victim [h]as suffered severe psychological trauma as a result of your actions and therefore this crime cannot be taken lightly and for that reason imprisonment is also warranted. Therefore, the sentence which I impose upon you is as follows, for the crime of second degree rape in docket number 113009F, I sentence you to forty years at hard labor, all of which shall be without probation, parole or suspension. You are given credit for any time you have served on this charge and your sentence has not been enhanced pursuant to the provisions of Louisiana Code of Criminal Procedure Article 15:529.1, which is the habitual offender statute or Code of Criminal Procedure Article 893.3, which is use of a firearm statute or any other provisions by law. And pursuant to the provisions of Code of Criminal Procedure Article 930.8, you have a two year prescriptive period for you to apply for post[-]conviction relief and that means that, uh two years from the date your conviction or sentence becomes final under Code of Criminal Procedure Article 922 or 914 to file for that post[-]conviction relief. This means if you take an appeal which is denied, you have two years from the date the

judgment on appeal is final to file for post[-]conviction relief. If you do not take an appeal, your conviction will be final in thirty days, and you have two years from that date to file for any post[-] conviction relief.

After the imposition of the sentence, the trial court heard Defendant's motion to reconsider. Defense counsel argued the forty-year sentence was unconstitutionally excessive, based upon the same reasons argued in mitigation. The trial court denied the motion, stating:

> In light of the PSI and the victim's impact statement, I [do not] find it excessive. In light of his prior [ ] conviction for a sexual offense as well as the [ ] seriousness of the harm caused to the victim and therefore the motion to reconsider is denied.

### *Arguments in Brief*

Now, before this court, Defendant again argues his sentence is unconstitutionally excessive and that the trial court erred in denying his motion to reconsider sentence. To support his excessiveness claim, Defendant contends the maximum sentence is "reserved for the most egregious and blameworthy of offenders" and that the record "does not support a finding that [he] is the worst of offenders or that this is the worst of offenses." *See State v. Jones*, 398 So.2d 1049 (La.1981).

In opposition, the State argues Defendant's sentence is not unconstitutionally excessive. According to the State, Defendant "was a mature adult" when he committed the "repugnant" offense and had been previously convicted of sexual assault. Moreover, the State asserts Defendant received a significant benefit by pleading guilty to the lesser charge of second-degree rape, and the additional charge of first-degree rape against Defendant as to another victim, V.T., was dismissed as part of the plea agreement. Likewise, the State contends Defendant originally faced a life sentence had he been convicted of first-degree rape. The State also claims Defendant further benefited by not being adjudicated as a habitual offender. All in

all, the State argues, due to the facts of the case and Defendant's background, the forty-year sentence was warranted, and that the trial court correctly denied Defendant's motion to reconsider sentence.

*Jurisprudence and Analysis*

In *State v. Fontenot*, 09-1044 (La.App. 3 Cir. 5/12/10), 38 So.3d 1122, *writ denied*, 10-1758 (La. 8/19/11), 67 So.3d 1257, the defendant was sentenced to serve forty-years at hard labor with the first two years to be served without the benefit of probation, parole, or suspension of sentence for pleading guilty to second degree rape. The defendant appealed his sentence, claiming it to be unconstitutionally excessive, arguing he was a first-felony offender, thirty-four-years-old at the time of sentencing, and suffered a brain injury. Affirming, this court stated:

> Citing the supreme court in *State v. Telsee,* 425 So.2d 1251 (La.1983), the fifth circuit, in *State v. Lisotta,* 98–648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied,* 99–433 (La.6/25/99), 745 So.2d 1183, suggested that:
>
> > The court should consider three factors in reviewing a judge's sentencing discretion:
> >
> > 1. the nature of the crime,
> > 2. the nature and background of the offender, and
> > 3. the sentence imposed for similar crimes by the same court and other courts.
>
> With regard to the nature of the offense, we recognize that *any* rape is a repugnant offense. However, our legislature has seen fit to determine that *any* rape of a victim over the age of sixty-five is the worst of such repugnant offenses—aggravated rape. La.R.S. 14:42(A). While the defendant received the benefit of a plea agreement in being allowed to plead to forcible rape, factually his offense fits the definition found in La.R.S. 14:42(A). Anyone convicted of aggravated rape when the victim is over the age of thirteen is subject to a single sentence— life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La.R.S. 14:42(D)(1).
>
> Considering the second *Lisotta* factor, the defendant's nature and background, the defendant does not argue that the trial court considered any inaccurate information. Instead, he argues that his age and brain injury are sufficient mitigating factors to reduce his sentence. As to his age, the trial court specifically considered it as a mitigating factor, but

8

concluded that it was not sufficient to reduce the penalty below the maximum for forcible rape. With regard to the brain injury, the record establishes that he was subjected to surgery as treatment for a brain abscess and he suffers from aftereffects of that surgery. However, the trial court did not consider this to be a mitigating factor.

. . . .

Even considering all of the defendant's arguments as mitigating factors, the fact remains that the defendant is the worst of offenders. [*State v.*] *Farhood,* [02-490, p. 11 (La.App. 5 Cir. 3/25/03),] 844 So.2d 217[, 225]. He committed the aggravated rape of an eighty-six-year-old victim after breaking into her home and robbing her.

Finally, a comparison of sentences as contemplated by *Lisotta* is somewhat meaningless when the offense for which the defendant was sentenced is not the offense he committed.

. . . .

In reviewing the sentences imposed where the defendant was allowed to plead guilty to forcible rape after being charged with aggravated rape, we find support for the trial court's imposition of the maximum sentence. In *State v. Colgin,* 43,416 (La.App. 2 Cir. 8/13/08), 989 So.2d 876, where the defendant was originally charged with aggravated rape but pled guilty to forcible rape, the appellate court found that the maximum sentence of forty years at hard labor, the first fifteen to be served without the benefit of probation, parole, or suspension of sentence, was appropriate given the emotional damage to the ten-year-old victim and the defendant's status as a second sex-crime offender. In *State v. Jarrett,* 37,928 (La.App. 2 Cir. 12/10/03), 862 So.2d 440, the defendant was originally charged with aggravated rape, aggravated burglary, armed robbery, and aggravated sexual battery; when he pled guilty to forcible rape and aggravated burglary, the appellate court found that his sentences of forty years for forcible rape and thirty years for aggravated burglary were not excessive. In *State v. Gray,* 36,389 (La.App. 2 Cir. 9/18/02), 828 So.2d 176, the defendant was originally charged with two counts of aggravated rape, but pled guilty to two charges of forcible rape, and the state agreed not to charge the defendant as a habitual offender and to dismiss other charges, including attempted aggravated rape, simple robbery, and simple kidnapping. The trial court imposed two consecutive sentences of forty years, which the appellate court found not to be excessive.

Here the defendant was originally charged with aggravated rape and the facts supported that charge, the defendant gained significant benefit from his plea agreement, and there exists no indication that the defendant agreed to plead for any particular sentence exposure. We conclude that the sentence imposed on the defendant before us is not excessive.

*Id*. at 1126–29.

9

In *State v. Parfait*, 52,857 (La.App. 2 Cir. 8/14/19), 278 So.3d 455, *writ denied*, 19-1659 (La. 12/10/19), 285 So.3d 489, the trial court sentenced the defendant to forty-years imprisonment without the benefit of probation, parole, or suspension of sentence after pleading guilty to second degree rape. The defendant appealed his sentence, arguing that it was unconstitutionally excessive due to his lack of criminal history, military background, and that he was not one of the worst offenders. In affirming, the second circuit stated:

> The trial court did not abuse its discretion in sentencing Defendant to the maximum sentence of 40 years at hard labor. During Defendant's sentencing hearing, the trial court reviewed the PSI and noted that the young victims had been interviewed at the Gingerbread House and that they had specifically testified to the acts committed upon them by Defendant. M.S. was the first child to report Defendant's activities to the police, and he did so because he had heard the Defendant indicate that he was going to foster another child. The PSI also noted that one victim, J.M., who at the time of the PSI was only 13 years old, continues to suffer severe anxiety and feelings of self-loathing as a result of the trauma inflicted on him by Defendant. He has continued to see many counselors in an effort to recover from his mental and physical injuries.
>
> At the sentencing hearing, in addition to the review of the PSI report and the graphic details of the acts committed by Defendant, the trial court took into consideration the testimony of one of the victims, letters from the family of the other victims and a letter written by Defendant's ex-wife, which was not complimentary and which stated that after they separated, Defendant expressed an interest in fostering children, but only younger boys, which raised a red flag to her. As mitigating factors, the trial court considered Defendant's lack of criminal history; his excellent military and work history; letters submitted on his behalf by both of his daughters, by Ms. Cheryl Rogers, an acquaintance, and by Allen C. Lambard, a neighbor; and the testimony of Michael Marcello, a friend.
>
> The trial court applied the sentencing guidelines of La. C. Cr. P. art. 894.1 and found that there was an undue risk that during the period of a suspended sentence or probation Defendant would commit another crime, that he was in need of correctional treatment or a custodial environment, and that a lesser sentence would deprecate the seriousness of his crime. It found that Defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim, that he knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to his extreme youth and that he used his position as a foster parent to facilitate the commission of

10

the offense. It noted that Defendant was only being sentenced for one of the charges and that he had already reaped the benefits of the plea bargain agreement, which resulted in significant reduction in exposure to time of incarceration.

> The reasons stated by the trial court, the record and the PSI report provide an adequate factual basis for the sentence imposed, and it is not constitutionally excessive. The sentence imposed does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense.

*Id.* 459–60.

Additionally, we recognize that a trial court has great discretion when imposing a sentence for a pleaded offense and the relevant question is whether the trial court abused its broad discretion, not whether another sentence might have been more appropriate. *State v. Harville*, 23-413, (La.App. 3 Cir. 11/29/23), 374 So.3d 1139.

The record shows an adequate factual basis for the sentence imposed, as Defendant had been previously convicted of a sexual offense, and the trial court properly and thoroughly considered the sentencing guidelines in imposing the forty-year sentence. Moreover, the record reflects that Defendant received multiple benefits from his plea bargain, specifically, reduction of his possible confinement for life by pleading guilty to the lesser offense of second-degree rape; avoiding being adjudicated as a habitual offender; and, significantly, the State dismissing an additional charge of first-degree rape against Defendant as to another victim, V.T.

Considering the above, we cannot say the sentence imposed is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. La. Const. art 1, § 20. A sentence is considered grossly disproportionate when the crime and punishment viewed in light of the harm done to the victim and society shocks the sense of justice. *State v. Smith*, 01-2574 (La. 01/14/03), 839 So.2d 1.

11

Here, the crime, rape of a helpless, innocent victim, has done immeasurable harm to the victim, her family and society as a whole. The sentence, especially considering the benefit Defendant obtained through the plea bargain agreement, is not so disproportionate to the severity of the offense and does not shock the sense of justice of this court. Accordingly, Defendant's assignment of errors lack merit.

## DECREE

The sentence imposed for Defendant, Dwight Thomsas, a/k/a Dwayne Jerome Thomas, of forty years at hard labor without the benefit of probation, parole, or suspension of sentence for the offense of second-degree rape, and denial of Defendant's motion to reconsider sentence is affirmed.

**AFFIRMED.**